O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CANDACE P. LADEN and RICHARD M. LADEN, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. BANK NATIONAL ASSOCIATION as Trustee for HARBORVIEW 2005-16 TRUST FUND, and DOES 1 through 20, Inclusive, <br><br> Defendants. <br> _____ | CASE NO. CV 12-00173-ODW (CWx) <br><br> Order **DENYING** Defendant's Motion to Dismiss [10] |

## I.   INTRODUCTION

Pending before the Court is Defendant U.S. Bank, National Association, as Trustee for Harborview 2005-16 Trust Fund's ("Defendant") January 13, 2012 Motion to Dismiss Plaintiffs Candace P. Laden and Richard M. Laden's ("Plaintiffs") *pro se* Complaint. (Dkt. No. 10.)  Plaintiffs filed an Opposition on January 23, 2012 (Dkt. No. 12), to which Defendant filed its Reply on January 30, 2012 (Dkt. No. 17).   Having carefully considered the papers filed in support of and in opposition to the instant Motions, the Court deems the matters appropriate for decision without oral argument.  Fed. R. Civ. P.

78; C. D. Cal. L. R. 7-15.  For the reasons discussed below, Defendant's Motion is **DENIED**.

## II.   FACTUAL BACKGROUND

On October 3, 2005, Plaintiffs obtained an adjustable-rate mortgage loan from Skyline Financial Corporation dba Skyline Funding ("Skyline") in the amount of $900,000.00.  (Compl. ¶ 6 & Exh. A.)  In connection with the loan, Plaintiffs executed a deed of trust ("DOT") in favor of Skyline, which encumbered Plaintiffs' property located at 4050 Hayvenhurst Avenue, Encino, California 91436 (the "Property"), as security for the loan.  (*Id.*)  The DOT identified Skyline as the lender, Equity Title as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS")—"acting solely as nominee for [Sykline and Skyline's] successors and assigns"—as the beneficiary.  (Compl. ¶ 6–7 & Exh. A.)

On July 21, 2011, MERS executed an Assignment of Deed of Trust ("ADOT") assigning all beneficial interest in Plaintiffs' DOT to Defendant. (Compl. ¶ 12 & Exh. C.)  On August 16, 2011, MERS executed a Substitution of Trustee substituting Recontrust Company, N.A. ("Recontrust") as trustee under Plaintiffs' DOT. (Compl. ¶ 14; Exh. D.)

As of August 16, 2011, Plaintiffs were in default in the amount of $117,599.30.  (Compl. Exh. B.)  As a result of Plaintiffs' default, Recontrust recorded a Notice of Default with the Los Angeles County Recorder's Office on August 18, 2011.  (*Id.*)  Subsequently, a  Notice of Trustee's Sale was finalized and recorded on November 16 and November 22, 2011, respectively.  (Compl. ¶ 15 & Exh. E.)  The trustee's sale was scheduled to take place on December 12, 2011 (*id.*), although no such sale has taken place to date.

As a result of the foregoing events, Plaintiffs filed a Verified Complaint *in propria persona* in Los Angeles Superior Court on December 9, 2011.  (Dkt. No. 1.)  Plaintiffs' Complaint alleges that Defendant violated California Civil Code section 2923.5 by failing to contact Plaintiffs to assess their financial situation and explore options to avoid foreclosure; instead, Plaintiffs had to initiate such contact themselves.  (Compl. ¶ 18.)

Plaintiffs also seek a declaration that the Notice of Default, Notice of Trustee's Sale, and pending foreclosure proceedings are void as a result of various infirmities in the execution of the Notice of Default and Notice of Trustee's Sale.  (Compl. ¶ 24.)

On January 6, 2012, Defendant filed a Notice of Removal, removing the action to this Court on the basis of diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.  (Dkt. No. 1.)  Defendant now moves to dismiss the entirety of Plaintiffs' Complaint.

### III.    LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)."  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

When considering a Rule 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Finally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); cf. Fed. R. Civ. Proc. 8(f) ("All pleadings shall be construed as to do substantial justice.").

## IV.   DISCUSSION

Defendant brings the instant Motion to Dismiss Plaintiffs' claim for violation of California Civil Code section 2923.5 ("Section 2923.5") and request for declaratory relief. The Court considers each in turn.

### A.   VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5

Plaintiffs' first claim alleges that Defendant violated Section 2923.5 by failing to contact Plaintiffs in person or by phone to assess their financial situation and explore options available to Plaintiff to avoid foreclosure before Defendant filed the Notice of Default. (Compl. ¶ 10.) Plaintiffs also contend that Defendant—during contact initiated by Plaintiffs—neither informed them that Plaintiffs could request a subsequent meeting to be held within 14 days nor included a declaration with the Notice of Default documenting efforts to contact Plaintiffs pursuant to Section 2923.5. (*Id.*)

///

California Civil Code section 2923.5 provides that a mortgagee, beneficiary, or authorized agent ("lender") must contact—or exercise due diligence in attempting to

4

contact—the borrower in person or by telephone thirty days prior to filing a notice of default "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a). During the initial contact, the lender *must* advise the borrower that the borrower has the right to request a subsequent meeting and, if the borrower so requests, the lender must schedule a subsequent meeting within 14 days. *Id.* § 2923.5(a)(2). Finally, a notice of default filed pursuant to California Civil Code section 2924[1] must include a declaration of compliance stating that the lender "has contacted the borrower, has tried with due diligence to contact the borrower as required by [Section 2923.5], or that no contact was required" for statutory reasons not relevant to this action. *Id.* § 2923.5(b).

Absent compliance with Section 2923.5, there can be no valid notice of default. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010)  Because Section 2923.5 confers on borrowers a right to be contacted regarding alternatives to foreclosure *prior* to a notice of default, plaintiffs bringing suit under Section 2923.5 are not required to tender full payment of arrearages as a precondition to maintaining a private action. *Id.* at 225.

Defendant argues that Plaintiff's claim for violation of Section 2923.5 must fail because Plaintiffs do not contend the contact required under Section2923.5 did not take place; instead, Plaintiffs merely contend that they had to initiate such contact themselves. (Mot. at 5.) Accordingly, Defendant maintains that Plaintiffs have suffered no prejudice as a result of Defendant's alleged violation of Section 2925 because "they had conversations with Defendant for the purpose of assessing plaintiffs' financial situation and exploring options to avoid foreclosure." (Mot. at 7.)  However, Defendant does not contest Plaintiffs' allegation that Defendant failed to inform Plaintiffs of their right to request a subsequent meeting, as required by Section 2923.5(a)(2). Thus, even assuming without deciding that Plaintiffs suffered no prejudice as a consequence of having to

---

[1]California Civil Code section 2924 governs the procedural steps to be taken in filing a notice of default.

5

initiate contact with Defendant themselves, the remaining allegations in Plaintiffs' Complaint establish that Defendant committed an additional violation of Section 2923.5 for which Plaintiffs may seek redress. Defendant's lack-of-prejudice argument is therefore unavailing.

Defendant also contends that the Court must disregard Plaintiffs' contentions regarding Defendant's failure to use due diligence in attempting to contact Plaintiffs and failure to attach the Section 2923.5(b) declaration of compliance with Plaintiff's Notice of Default because a declaration of compliance was *filed* with the Notice of Default, even if it was not attached to the Notice of Default Defendant sent to Plaintiffs. (Mot. at 5 ("[T]he mere existence of a declaration attesting to compliance with section 2923.5 disposes of plaintiffs' claims."); Reply at 2) The Court is unpersuaded.

Defendant disingenuously construes *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1166 (S.D. Cal. 2009), to stand for the proposition that "[i]f a complaint alleges due diligence was inadequate, but the Notice of Default is accompanied by a declaration of compliance, a court must disregard the allegation and rely on the declaration." (Reply at 2.) Not only is such a broad reading unmerited, it also is contradicted by case law cited in Defendant's own papers. (*See* Reply at 4 (citing *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) (noting that plaintiffs would have had to allege that the contact attested to in defendant's declaration of compliance either did not occur or was deficient in order to survive a motion to dismiss)).)

In *Ortiz*, plaintiffs alleged that defendant refused to explore loan modification alternatives with plaintiffs, but they did not allege that defendant failed to contact them to discuss such alternatives. *Ortiz*, 639 F. Supp. 2d at 1166. The court found that "[p]laintiffs' use of the phrase 'refused to explore,' combined with the 'Declaration of ///

Compliance' accompanying the Notice of Trustee's Sale, impl[ied] [p]laintiffs were contacted as required by the statute." *Id.*

6

In contrast, Plaintiffs here specifically allege that Defendant failed both to initiate contact with Plaintiffs and to inform them during any communication of their Plaintiffs' to request an additional meeting.  (Compl. ¶ 10.)  California federal district courts have found that where, as here, a plaintiff's complaint alleges facts directly contradicting statements in a declaration of compliance, such facts are sufficient to withstand a motion to dismiss.  *See, e.g.*, *Quintero Family Trust v. OneWest Bank, F.S.B.*, No. 09-cv-1561-IEG (WVG), 2010 WL 2618729, at *8 (S.D. Cal. June 25, 2010) ("In their SAC, Plaintiffs allege that no contact or attempt to make contact was made, despite the declaration in the Notice of Default.  Taking this allegation as true, the Court cannot determine at this time whether Defendants complied with the requirement to contact Plaintiffs as set forth in § 2923.5(a)."); *Pantoja,* 640 F. Supp. 2d at1186.  Thus, despite Defendant's insistence to the contrary, the mere filing of a declaration of compliance with a notice of default is not a panacea for any failure to adhere to the express requirements of Section 2923.5.  Accordingly, the Court **DENIES** Defendant's Motion to Dismiss with respect to Plaintiffs' first claim.

### G.    DECLARATORY RELIEF

Plaintiffs' second claim seeks a judicial determination that the Notice of Defualt, Notice of Trustee's Sale, and pending foreclosure proceedings are void for various infirmities related to the execution of the Notice of Default and Notice of Trustee's Sale.  (Compl. ¶ 24.)  As a threshold matter, "[j]urisdiction to award declaratory relief exists only in a case of actual controversy."  *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).  Defendant argues that Plaintiffs' second claim must fail because there is no actual controversy in this case, as Plaintiffs' first claim is inadequately pleaded.  (Mot. at 9.)  However, the Court has denied Defendant's Motion with respect to Plaintiff's first claim.  Therefore, an actual
///
controversy remains in this case.  Accordingly, the Court **DENIES** Defendant's Motion with respect to Plaintiff's second claim.

V.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** in its entirety.

**IT IS SO ORDERED**.

February 13, 2012

_____

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE